**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO GARCIA-MAYA, | No.    15-73142 |
| Petitioner, | Agency No. A087-958-832 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Mario Garcia-Maya, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence factual findings

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and review de novo questions of law. *Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1184 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Garcia-Maya failed to establish the requisite ten years continuous physical presence for cancellation of removal, where he stated in his application for cancellation of removal and testified that he first entered the United States in 2002, but he was served with a notice to appear fewer than ten years later. *See* 8 U.S.C. § 1229b(b)(1)(A) (to qualify for cancellation of removal, alien must show ten years continuous physical presence in the United States); 8 U.S.C. § 1229b(d)(1) (continuous physical presence period ends when alien is served with a notice to appear).

The agency did not err in declining to address other eligibility factors for cancellation of removal, where the continuous physical presence requirement is dispositive. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (agency not required to make findings on issues unnecessary to the result reached).

To the extent Garcia-Maya challenges the agency's denial of administrative closure, we lack jurisdiction to review that denial. *See Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1118-20 (9th Cir. 2009). We also lack jurisdiction to consider Garcia-Maya's unexhausted ineffective assistance of counsel claim. *See*

*Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**